# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Robert Holland, | No. CV-18-04543-PHX-JJT (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, *et al.*, | |
| Respondents. | |

At issue is the Report and Recommendation ("R&R") (Doc. 13) submitted by United States Magistrate Judge John Z. Boyle on September 4, 2019, recommending that the Court deny and dismiss with prejudice James Robert Holland's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) As Judge Boyle warned Petitioner in the R&R, Petitioner had fourteen days from the date of service—also September 4, 2019—in which to file any objections thereto. Objections therefore were due no later than September 16, 2019. It has now been over three weeks since that due date and Petitioner has filed nothing. The Court thus may accept the R&R without further review, as Judge Boyle also advised Petitioner. (Doc. 13 at 5.) *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Nonetheless, the Court has independently reviewed the R&R, the underlying timeline and procedural history, and Judge Boyle's conclusions and legal reasoning. Upon that review the Court concludes Judge Boyle's recommendation and its underlying analysis is correct.

. . . .

| | |
|---|---|
| 1 | Petitioner was sentenced in the underlying state criminal matters on October 2, 2014, after pleading guilty in both cases. He did not appeal the sentences, and he did not file an of-right notice for post-conviction relief ("PCR") within 90 days, as required by Ariz. R. Crim. P. 32.4(a)(2)(C). His time to do so ran on December 31, 2014, and his convictions became final for purposes of filing for the instant relief under AEDPA on that date. Thereafter he had one year, or until January 1, 2016, to file for habeas relief. He did not so file until nearly three years after that deadline, on December 6, 2018. |

Petitioner was sentenced in the underlying state criminal matters on October 2, 2014, after pleading guilty in both cases. He did not appeal the sentences, and he did not file an of-right notice for post-conviction relief ("PCR") within 90 days, as required by Ariz. R. Crim. P. 32.4(a)(2)(C). His time to do so ran on December 31, 2014, and his convictions became final for purposes of filing for the instant relief under AEDPA on that date. Thereafter he had one year, or until January 1, 2016, to file for habeas relief. He did not so file until nearly three years after that deadline, on December 6, 2018.

Petitioner makes no colorable arguments for either statutory tolling nor equitable tolling. His claims therefore are untimely without excuse or exception. The Court must dismiss them as such.

IT IS ORDERED adopting in whole the R&R submitted by Magistrate Judge John Z. Boyle. (Doc. 13.)

IT IS FURTHER ORDERED denying and dismissing as untimely the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Clerk of Court shall enter judgment accordingly and close this matter.

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal. Dismissal of the Petition at issue is justified by a plain procedural bar. Petitioner has made no showing of the denial of a constitutional right.

Dated this 8th day of October, 2019.

Honorable John J. Tuchi
United States District Judge